# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN CRAIN, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD N. TUTOR, et al., <br><br> Defendants. | Case No. 2:10-cv-01263-GMN-PAL <br><br> **ORDER AND REPORT OF FINDINGS AND RECOMMENDATION** <br><br> (IFP App'n - Dkt. #1) <br> (Mtn to Appt Counsel - Dkt. #2) |

Plaintiff Steven Crain is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on April 21, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.   *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint, which he calls a "petition for review." He has also submitted an "Amended Petition for Writ of Mandamus" and other papers.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint seeks to reverse a decision of the Nevada Supreme Court denying Plaintiff's Petition for a Writ of Mandamus. Plaintiff now seeks to have this court reverse the decision of the Nevada Supreme Court.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). This court does not have appellate jurisdiction to review the Nevada Supreme Court's decision. If Plaintiff wishes to have a higher court review the decision by the Nevada Supreme Court, he must petition the United States Supreme Court to hear his case. 28 U.S.C. § 1257(a) provides that "[f]inal judgments . . . rendered by the highest court of a State in which a decision could be had, *may* be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States." *Id.* (emphasis added). The Supreme Court's appellate jurisdiction is discretionary; it is not required to grant a writ of *certiorari* to

hear cases that are appealed from a state's highest court. Moreover, *certiorari* is only granted where a case presents a federal question–that is, when a state law is in conflict with a federal law or where a federal law is questioned. Plaintiff's civil case was apparently decided by Clark County District Court and appealed to the Nevada Supreme Court.

### III. Plaintiff's Motion for Judgment (Dkt. #2).

Plaintiff's Motion seeks a default judgment against the Defendants in this case, along with relief on the claims asserted in his state court case. Defendants were not obligated to answer the complaint because Plaintiff is proceeding *in forma pauperis*, and the court had not screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The court has now screened Plaintiff's Complaint and found he cannot state a claim for which relief can be granted.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. Plaintiff's Motion for Judgment (Dkt. #2) is DENIED.

**IT IS RECOMMENDED** that Plaintiff's Complaint be dismissed.

Dated this 25th day of October, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

///
///
///

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.